IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SEGRAL SEVILLE WATKINS,** | : | |
| Petitioner | : | |
| VS. | : | |
| **ERIC SELLERS,** | : | **CIVIL ACTION: 5:12-CV-0227-MTT** |
| Respondent | : | |

### ORDER DISMISSING PETITION

Petitioner Segral Seville Watkins has filed an application for writ of habeas corpus under 28 U.S.C. § 2254 and seeks leave to proceed *in forma pauperis*. Because it is clear from the face of his application that Petitioner has not exhausted the remedies available to him in the state courts, Petitioner's Motion to Proceed *in forma pauperis* [Doc. 2] will be **GRANTED** only for the purpose of dismissal.

According to his application, Petitioner was convicted of a probation violation in the Superior Court of Dooly County, Georgia on June 14, 2011. Petitioner now seeks to challenge this conviction and/or sentence as unjust. His application plainly states, however, that he has not filed an appeal or a petition for habeas corpus in the state court.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district courts to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994)

("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). It is clear from the face of the present application that Petitioner is not entitled to relief in the district court; Petitioner has not exhausted the state remedies available to him.

As a rule, a state prisoner will be required to "exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing *Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement is codified in 28 U.S.C. § 2254(b)-(c) and reflects a policy of comity between state and federal courts. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438 (1963)). The State of Georgia has a stated policy of not waiving the exhaustion requirement, and an exception to the requirement is made in this Court only "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

In this case, Petitioner plainly states that he has not filed any direct appeal or state habeas corpus action with respect to the challenged conviction and sentence. Thus, Petitioner has not yet exhausted the remedies available to him through the Georgia courts, and he has provided no reason why this Court should make an exception to the exhaustion requirement. Therefore, the present application must be **DISMISSED**. This dismissal is "without prejudice," however. Once Petitioner has exhausted all avenues available to him in the state courts and thereby afforded the State an opportunity to review

his grounds for relief, he may return to federal court, if necessary.

Petitioner may wish to appeal this Order. However, a prisoner has no absolute entitlement to appeal a district court's denial of his application for habeas corpus relief. 28 U.S.C. § 2253(c)(1).   Before he may appeal, the district court must first issue a Certificate of Appealability ("COA").   Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Because Petitioner's application plainly states that he has not exhausted his state remedies with respect to the challenged conviction and sentence, any application for COA will be **DENIED**.   See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir.2000) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 22nd day of June, 2012.


                S/ Marc T. Treadwell
                MARC T. TREADWELL, JUDGE
                UNITED STATES DISTRICT COURT

jlr